UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
In re:

JOSEPH BOCCIA,

                Debtor.
----------------------------------------------------------------------------X
MARC A. PERGAMENT, CHAPTER 7 TRUSTEE
of the ESTATE of JOSEPH BOCCIA,

                Plaintiff,

    -against-

SALVATORE MAFFETONE and MICHAEL TRIPODI,

                Defendant(s).

----------------------------------------------------------------------------X

Case No.: 07-75083-478

Chapter 7

Adv. Pro. No.: 09-8131-478

## MEMORANDUM DECISION AND ORDER

*Appearances:*

        Weinberg Gross & Pergament, LLP
        *Attorneys for the Plaintiff*
        By: Jane O'Keefe, Esq.
        400 Garden City Plaza
        Suite 403
        Garden City, NY 11530

        Neil S. Spector, P.C.
        *Attorneys for the Defendant, Michael Tripodi*
        By: Neil S. Spector, Esq.
        300 Old Country
        Suite 351
        Mineola, NY 15501

The Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

An inquest was held before the Court on January 19, 2010, and continued on February 16, 2010, (collectively, the "Inquest") to determine the amount of liability that Defendant Michael Tripodi ("Tripodi") owes to the Debtor's estate. The adversary proceeding was commenced by the Trustee against Tripodi and Salvatore Maffetone ("Maffetone") (collectively, the "Defendants") alleging that due to the Defendants' breach of a prepetition partnership agreement with the Debtor, the Debtor suffered damages in the amount of $65,000.00 from Maffetone and $45,000.00 from Tripodi.

A default judgment was entered against Maffetone in the total amount of $65,000.00 plus interest and costs on July 16, 2009 for his failure to appear and respond to the Trustee's Complaint. The adversary proceeding against Tripodi proceeded, and this Court held an Inquest to determine Tripodi's liability to the Debtor's estate for his breach of the prepetition partnership agreement.

## BACKGROUND:

In January 2006 the Debtor and the Defendants entered into an oral partnership agreement to purchase real property located in Merrick, New York for $715,000.00. The goal of the agreement was to subdivide the property, build two homes on the land and then sell them for profit. Each of the parties contributed $35,000.00 for the purchase, and they all agreed that the mortgages and the title would be held solely in the Debtor's name.[1] But all three were obligated to pay the mortgage and expenses equally. The closing occurred on February 16, 2006.

The parties were each responsible for one-third of the monthly payments on the Mortgages, in the approximate amount of $1,700.00. However, after the closing on the Property,

---

[1] At the closing the Debtor executed a mortgage in favor of Freemont Investment & Loan in the principal sum of $480,000 ("First Mortgage"), and a Second Mortgage to Freemont Investment & Loan in the principal sum of $115,000 ("Second Mortgage") (collectively referred to as the "Mortgages"). The First Mortgage was assigned to Wells Fargo Bank, NA as Trustee ("Wells Fargo").

Maffetone was unable to provide the necessary funds and the agreement fell apart. At this point, Tripodi and the Debtor apparently entered into a new arrangement, wherein they agreed that they would each contribute half of the required monthly payments, approximately $2,500.00 each. After about a year of making these payments, in February 2007 Tripodi too was unable to maintain the regular payments and ceased contributing his share. The Debtor went on to make the February 2007 monthly payment by himself, but did not make any monthly payments beyond February 2007. In or about September 2007 a foreclosure proceeding was commenced against the Property.

A few months later, on December 9, 2007, the Debtor filed a voluntary Chapter 7 bankruptcy petition. On December 14, 2007 Wells Fargo filed a motion seeking relief from the automatic stay with respect to the Property. The motion was properly noticed and the Court heard the motion on January 24, 2008. No opposition was filed. Based upon the Court's decision at that hearing, on January 25, 2008 the Court signed an order granting Wells Fargo's requested relief and allowing it to exercise all of its rights and remedies under applicable law with respect to the Premises.

The Trustee commenced the instant adversary proceeding on March 30, 2009, and Tripodi filed an Answer on May 7, 2009. The Trustee's Complaint states that the instant adversary proceeding arises under Bankruptcy Code sections 541 and 544, but does not provide any specific allegations to support these general sections of the Bankruptcy Code.

On September 16, 2009 the Plaintiff filed a motion to strike Tripodi's answer for his "willful failure and refusal to answer questions during his deposition." (ECF Docket No. 13). During Tripodi's deposition, conducted by the Trustee on July 30, 2009, Tripodi failed to answer the Trustee's questions, and his counsel obstructed the deposition with improper objections. As

a result of what took place at the deposition, at a hearing held by the Court on October 22, 2009, the Court granted the Trustee's motion for sanctions and Tripodi's Answer was stricken pursuant to Court Order dated November 5, 2009.[2]

Thereafter, the Trustee filed a motion for default judgment as to Tripodi's liability, and on December 17, 2009 the Court granted the motion and scheduled the Inquest. After considering the testimony and the evidence presented at the Inquest, the Court finds that Tripodi is not liable to the Debtor's estate.

### DISCUSSION:

Bankruptcy Rule 7037(b)(2)(A) provides that if a party fails to obey a discovery order, then one of the appropriate remedies for the Court to utilize is to strike the pleadings. When an Answer is stricken in an adversary proceeding, it is proper for a default judgment to be entered against the party. *See In re Sofro*, 117 B.R. 745, 751 (Bankr. S.D. Fla. 1990); *see also* X*strata Can. Corp. v. Advanced Recycling Tech., Inc.*, 2010 U.S. Dist. LEXIS 38133 (N.D.N.Y Apr. 19, 2010) (finding that where the defendant failed to cooperate in the discovery process, a default judgment was the appropriate sanction); *Conway v. Dunbar*, 121 F.R.D. 211, 213 (S.D.N.Y. 1988). However, the Court determined that it was necessary to conduct an inquest to determine and fix the amount that would be due in the judgment against Tripodi.

The Trustee commenced the instant adversary proceeding under section 541 and section 544. Section 541 defines what constitutes property of the estate. 11 U.S.C. § 541 (2010). Section 544 allows the Trustee to avoid transfers of property that would be avoidable as a fraudulent conveyance. 11 U.S.C. § 544 (2010).

---

[2] On November 13, 2009 Defendant Tripodi filed an appeal of this Court's November 5, 2009 Order. The appeal is currently pending before the District Court, and the issues raised in the appeal will not be discussed in this Court's instant decision as it pertains to a different issue.

At the Inquest, the Trustee argued that Tripodi's breach of the partnership agreement damaged the Debtor's estate in the aggregate sum of $45,000.00. The Trustee's Affirmation in Support states that Tripodi should be held liable for the Debtor's $35,000.00 investment plus $1,700.00 per month for February 2007 through July 2007. (ECF Docket No. 28 at 4). However, the evidence supports, and the Trustee acknowledges, that Tripodi did pay into the business arrangement his own $35,000.00 investment and the additional monthly payments up to, and including, January 2007. Tripodi did not make the February 2007 payment, or any payment thereafter.

The evidence showed that the Debtor made the February 2007 payment, but a review of the Debtor's March 2007 bank records does not show that the March 2007 payment was made, and there were no bank records introduced for April 2007 through July 2007 that showed the Debtor continued to make the mortgage payments. Thus, it is unclear why the Trustee seeks to include a demand from Tripodi for those monthly payments up to and including July 2007 when the evidence does not show that the Debtor made those monthly payments, and no one sought to preserve the Property for the estate.

Additionally, there was no evidence presented as to why Tripodi should have to bear the burden of the Debtor's $35,000.00 investment. Both the Debtor and Tripodi invested $35,000.00 as a down payment on the Property, both assumed the risk, and both suffered financial losses as a result of the failure to continue paying the mortgage on the Property. The Trustee failed to introduce any evidence at the Inquest that justifies the Court holding Tripodi liable for the amount claimed, and the Trustee has failed to show why Tripodi would be liable to the Debtor's estate under sections 541 and 544. The Trustee does not show why the alleged $45,000.00 in damages constitutes property of the Debtor's estate under section 541 or why Tripodi's failure to

5

continue making payments should be deemed a fraudulent conveyance under section 544. In the absence of such evidence, the Court is unable to find in favor of the Trustee for the requested $45,000.00.

## **CONCLUSION:**

Based upon the above findings of fact and conclusions of law, the Court finds that the Trustee failed to establish Tripodi's liability at the Inquest, nor is there any justification to award damages against Tripodi to the Debtor's estate. There is no justification to enter any judgment against Tripodi based upon the Trustee's presentation at the Inquest.

So ordered.

Dated: Central Islip, New York
July 12, 2010

*s/ Dorothy Eisenberg*
Honorable Dorothy Eisenberg
United States Bankruptcy Judge